UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY UPSHAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00460-JMB |
| | ) | |
| TROY A. CARDONA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a petition for writ of mandamus filed by petitioner Terry Upshaw. (Docket No. 1). For the reasons discussed below, the petition must be denied, and this action dismissed, for lack of jurisdiction.

**Standard of Review**

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of

subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

**The Petition**

Petitioner is a state prisoner who is currently incarcerated at the Ozark Correctional Center in Fordland, Missouri. He has filed a pro se petition for writ of mandamus against Judge Troy A. Cardona of the Circuit Court of Jefferson County. (Docket No. 1 at 1). The petition concerns Judge Cardona's decision to sentence petitioner to a term of incarceration, rather than place him on probation.

On March 17, 2018, petitioner states that he was issued a conduct violation. (Docket No. 1 at 2). Subsequently, on May 16, 2018, he signed a plea agreement. Then, on September 11, 2018, petitioner received a second conduct violation. Petitioner asserts that both conduct violations were minor and self-corrected. He claims that "two minor conduct violations [are] insufficient by itself to support the denial of probation under Mo. Rev. Stat. [§] 217.362."[1] (Docket No. 1 at 1-2). Furthermore, petitioner notes that he "successfully complied with all requirements of the long-term treatment program." (Docket No. 1 at 2).

Petitioner also alleges that Judge Cardona inappropriately counted both conduct violations when he sentenced petitioner. Instead, petitioner asserts that Judge Cardona should have counted only one of the violations. Had Judge Cardona done so, petitioner contends that he would have received probation, because "one minor conduct violation is insufficient by itself to support the denial of probation under Mo. Rev. Stat. § 217.362."

---

[1] Pursuant to this statutory provision, the Missouri Department of Corrections is required to "design and implement an intensive long-term program for the treatment of chronic nonviolent offenders with serious substance abuse addictions." Mo. Rev. Stat. § 217.362.1. If placed into treatment, the execution of an offender's term of incarceration is suspended pending completion of the program. Mo. Rev. Stat. § 217.362.2. If an offender successfully completes the program, the board of probation and parole must advise the sentencing court of the offender's probationary release date; however, "[i]f the court determines that probation is not appropriate the court may order the execution of the offender's sentence." Mo. Rev. Stat. § 217.362.3.

2

Petitioner asserts that the "procedural means for challenging the denial of probation is through a writ of mandamus." (Docket No. 1 at 3). As such, petitioner asks the Court to grant his request and issue the writ.

**Discussion**

Petitioner has filed a petition for writ of mandamus seeking to compel Missouri Circuit Court Judge Cardona to place him on probation. The Court lacks jurisdiction to grant such a request. Therefore, for the reasons discussed below, the petition will be denied, and this action dismissed without prejudice.

**A. Writ of Mandamus**

The issuance of a writ of mandamus is an "extraordinary remedy," and "has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Will v. United States*, 389 U.S. 90, 95 (1967). "Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

**B. 28 U.S.C. § 1651**

Pursuant to the All Writs Act, federal district courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *See* 28 U.S.C. § 1651(a); and *Organization for Competitive Markets v. U.S. Dep't of Agriculture*, 912 F.3d 455, 462 (8th Cir. 2018). However, the actions of a "state court are completely outside the field in which" a district court can make judicial review and correction pursuant to 28 U.S.C. § 1651(a). *See Middlebrooks v. Thirteenth Judicial Dist. Cir. Court, Union Cty.*, 323 F.2d 485, 486 (8th Cir. 1963). That is, with regard to state charges or proceedings, a

federal district court does not have either existing or potential jurisdiction. *Id*. *See also Veneri v. Circuit Court of Gasconade Cty.*, 528 F. Supp. 496, 498 (E.D. Mo. 1981) (stating that "it is well settled that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties").

Here, petitioner seeks to compel Judge Cardona to place him on probation, asserting that Judge Cardona exceeded his jurisdiction by sentencing him to a term of incarceration. As noted above, the Court does not have either existing or potential jurisdiction over state proceedings, and cannot direct a state judicial officer in the performance of his duties. Such jurisdiction is necessary to issue a writ under the All Writs Act. Therefore, the Court cannot issue a writ of mandamus pursuant to 28 U.S.C. § 1651(a).

### C. 28 U.S.C. § 1361

Pursuant to 28 U.S.C. § 1361, a federal district court has original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "Mandamus may issue under § 1361 against an officer of the United States only in extraordinary situations and when the plaintiff can establish (1) a clear and indisputable right to the relief sought, (2) the state officer has a nondiscretionary duty to honor that right, and (3) there is no other adequate remedy." *Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016). Furthermore, "the duty owed to the plaintiff must be ministerial and a positive command so plainly prescribed as to be free from doubt." *Keeny v. Sec'y of the Army*, 437 F.2d 1151, 1152 (8th Cir. 1971).

Here, petitioner is not seeking a writ of mandamus "to compel an officer or employee of the United States or any agency thereof." Rather, he is seeking to compel a circuit judge of the

4

State of Missouri to perform a duty allegedly owed to him. By its terms, 28 U.S.C. § 1361 does not apply to state actors, but only to officers and employees of the United States. As such, this statutory provision does not give this Court jurisdiction to issue the writ of mandamus that petitioner seeks.

### D. Proper Procedural Means for Challenging Denial of Probation

Petitioner argues that a petition for writ of mandamus is the proper procedural means for challenging the denial of probation. This may be true if petitioner was challenging the denial of probation in state court. *See Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 997 (8th Cir. 1996) (noting that there are "Missouri cases where relief from parole denial has been either sought or granted by means of a writ of mandamus to the Parole Board pursuant to Missouri Supreme Court Rule 94"). However, as discussed above, this Court does not have the jurisdiction to issue a writ of mandamus to compel a state court judge to do something. In other words, a petition for writ of mandamus is not the appropriate means by which petitioner can attack the denial of state probation in federal court. *See Middlebrooks*, 323 F.2d at 486 (denying petitioner's application for writ of mandamus, and suggesting that "if an unconstitutional restraint were to be imposed upon petitioner in the state proceedings, or as a result thereof, the question of the validity of such restraint could come within…[the court's] jurisdiction through habeas corpus attack").

### E. Summary Dismissal

The issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray*, 567 F.3d at 982. If a court determines that it lacks subject matter jurisdiction, the action must be dismissed. Fed R. Civ. P. 12(h)(3). As explained above, the Court does not have

jurisdiction to issue a writ of mandamus against a state court judge. Therefore, the petition must be denied, and this action dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of mandamus (Docket No. 1) is **DENIED,** and that this action **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of April, 2020.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE